## In re MEYER.

Court of Appeals of District of Columbia.
Submitted March 15, 1927. Decided
April 4, 1927.

No. 1929.

Patents ⬅112(1)—Judgment in interference proceeding involving joint application held res judicata in subsequent proceeding involving individual application, intended as substitute for joint application.

Unappealed from judgment in interference proceeding involving joint application by two parties *held* res judicata in subsequent interference proceeding involving application for the same patent by one only of the prior applicants; the later application having been intended as substitute for the joint application.

Appeal from the Commissioner of Patents.

In the matter of the application of Trygve E. Meyer for patent. From a decision of the Commissioner of Patents, rejecting his claims, applicant appeals. Affirmed.

W. A. Scott and C. M. Candy, both of Chicago, Ill., and C. D. Davis, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents, affirming the action of the lower tribunals in rejecting the claims of an application on the ground of res adjudicata.

On January 22, 1917, Owen, Meyer (the present applicant), and Willis filed a joint application for the same invention; the counts being identical with those of the present application. The joint application was assigned to the Automatic Electric Company, and an interference was declared between that application and an application of Herbert M. Friendly. The Examiner of Interferences awarded priority to Friendly. An appeal was noted, but withdrawn on October 3, 1921; the decision thereupon becoming final. Shortly before the withdrawal of the appeal, the present application was filed and assigned to the Automatic Electric Company. In a second interference, sought and declared between the present application and that of Friendly, involved in the first interference, Friendly successfully contended that the decision in the first interference was res adjudicata.

Counsel for Meyer rely upon the Roberts

Case, 49 App. D. C. 250, 263 F. 646. In that case Roberts and his son had filed a joint application, which was placed in interference with an application of a Mr. Bruckman. During the taking of testimony it developed that the junior Roberts had nothing to do with the subject-matter of the interference, as was conceded by him. Thereupon the senior Roberts filed an application, claiming to be the sole inventor of the subject-matter involved in the interference, and prayed that this application be substituted in place of the joint application filed by his son and himself. We said:

"All that was sought in the new application was the elimination of one of the joint applicants, to whom credit mistakenly had been given for the particular invention involved. There was identity of subject-matter, and it is difficult to perceive any reason for not permitting the rectification of such a mistake by an amendment eliminating the superfluous applicant. Surely, if such an amendment would have been proper, then the filing of what in substance and effect was a duplicate application by the sole inventor should have been regarded as a continuation of the former application. When one joint applicant admitted that this particular subject-matter was the sole invention of the other applicant, to all intents and purposes the application as to this subject-matter was the application of the sole inventor, who still was a party to the proceeding. The Patent Office, in our view, has failed to give proper weight to the fact that there is identity of subject-matter here, that there is no conflict of interest, and that the second application is filed merely to correct a formal error."

In the Roberts Case, therefore, there was a mere elimination of a superfluous party, and we held that there should have been no interruption of proceedings in the Patent Office. In the present case, it is the theory of Meyer that his application is a continuation of the application of Owen, Meyer, and Willis. Assuming this to be correct, Owen and Willis having in effect abandoned their application by permitting the decision of the Examiner of Interferences to become final, it is obvious that the decision in that interference is final as to him also. In other words, if Meyer in reality was the sole inventor, he should have sought to have his sole application substituted in place of the joint application, so that the proceedings in the Patent Office might have continued without interruption. According to the theory underlying his sole application, he was in substance and effect the real party in interest in the interference proceeding. By permitting the decision in that case to become final, he has estopped himself again to contest the question of priority.

The decision is right and is affirmed.

Affirmed.